UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORIN ASSOCIATES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>FAMSA, INC, et al.,<br><br>    Defendants. | Case No. 13-cv-00004-JCS<br><br>**ORDER AWARDING ATTORNEYS' FEES** |

The parties in this case brought a dispute before the Court regarding post-judgment discovery. Defendants had refused to produce documents in response to certain discovery requests, even though Defendants' counsel did not contest the propriety of the requests. At a hearing on March 17, 2015, the Court ordered Defendants to produce certain documents and pay Plaintiff's reasonable attorneys' fees incurred in the discovery dispute. The Court requested that the parties file declarations addressing the amount of attorneys' fees to be paid. *See* Order (dkt. 101).

Plaintiff's counsel Elyse Whitehead filed a declaration stating that Plaintiff incurred $5,049 in fees for its counsel's work preparing for and participating in an in-person meeting with defense counsel, preparing and revising the parties' Joint Letter to the Court addressing their positions, and preparing for and attending the hearing. Whitehead Decl. (dkt. 102) ¶¶ 14−15. Whitehead states she spent 6.5 hours on these tasks and her colleague Ben Suter devoted 4.5 hours. *Id.* ¶ 15. Whitehead's declaration does not itemize the hours spent by either attorney on any given task. *See generally id.*

Defense counsel Richard Arshonsky filed a declaration in response, stating that although he "certainly ha[s] no issues with Mr. Suter or Ms. Whitehead's qualifications or their hourly rates . . . it would be unfair for Defendants to have to pay for two attorneys performing the same task at

a combined hourly rate of $954." Arshonsky Decl. (dkt. 103) ¶¶ 3−4. Arshonsky states that both Whitehead and Suter have been present for nearly every meeting, telephone call, and hearing in this case, including the hearing on the instant dispute. *Id.* ¶ 5.

The Court finds that in a case of this magnitude—Plaintiff is seeking to collect a stipulated judgment of five million dollars— it is not unreasonable for two attorneys to participate in meetings and calls with opposing counsel, or for two attorneys to attend court hearings. The Court also finds reasonable the eleven hours in total spent by Plaintiff's counsel in bringing the post-judgment discovery dispute before the Court. Defendants are therefore ORDERED to pay the $5,049 in attorneys' fees that Plaintiff incurred in this dispute.

**IT IS SO ORDERED.**

Dated: March 31, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge